IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY M. HERNANDEZ, #33579-177 | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:14-CV-2525-N (BH) |
| | ) | No. 3:05-CR-75-N (16) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se prisoner case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the *Petition for Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651(a)*, received on July 15, 2014 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND**

Johnny M. Hernandez (Petitioner) was convicted of conspiracy to distribute and to possess with intent to distribute a mixture and substance containing cocaine pursuant to a guilty plea, and he was sentenced to 168 months' imprisonment, to be followed by a three-year term of supervised release, on June 19, 2006. *See* Cause No. 3:05-CR-75-N (16) (N.D. Tex.). He did not appeal. Petitioner filed a motion under 28 U.S.C. § 2255 to vacate his sentence and conviction on January 29, 2009, but it was dismissed as barred by the statute of limitations on October 29, 2010. *See* Cause No. 3:09-CV-190-N (N.D. Tex.).

In the petition for writ of error coram nobis, Petitioner contends that a State of Texas conviction for burglary of a habitation was used to enhance his sentence pursuant to United States Sentencing Guideline 4B1.1 as a crime of violence. He claims that a conviction for burglary of a habitation alone does not constitute a crime of violence, citing *United States v. Gomez*, 539 F. App'x 528 (5th Cir. 2013). In that case, the court held that a conviction for burglary of a habitation under

Tex. Penal Code § 30.02(a)(1) is a crime of violence, but if the defendant was charged with burglary of habitation under both § 30.02(a)(1) and (a)(3) and it is not clear under which subsection the defendant was convicted, then the conviction is not for a crime of violence. Petitioner attaches an order of deferred adjudication probation that states the offense was "burglary of a habitation, a 1st degree felony, as charged in the indictment." He did not include the indictment.

## II. ANALYSIS

An individual may file a petition for writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a),[1] in the court in which he was convicted. *See United States v. Morgan*, 346 U.S. 502, 504 (1954); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). A writ of error coram nobis is a remedy of last resort for persons who are no longer in custody pursuant to a criminal conviction and hence unable to pursue direct review or seek collateral relief by filing a petition for writ of habeas corpus. *United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999). Petitioner is still in custody, so this Court lacks jurisdiction to grant coram nobis relief. *United States v. Uridales Garcia*, 442 F. App'x 935 (5th Cir. 2011); *see also United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004).

"Where a petitioner is still in federal custody, relief from a prior invalid conviction must be sought by means of § 2255; for coram nobis survives only to the extent that it has not been replaced by statute and, therefore, is open to a prisoner only when his statutory remedies are unavailable or inadequate." *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973). Here, the petition challenging a federal sentence should not be construed as a 28 U.S.C. § 2255 motion because a §

---

[1] Section 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

2

2255 motion would be successive, and this Court lacks jurisdiction to consider a successive § 2255 motion without the Fifth Circuit's authorization. *Uridales Garcia*, 442 F. App'x 935.

### III.  RECOMMENDATION

The petition for writ of error coram nobis (doc. 3) should be **DISMISSED** for lack of jurisdiction.  It should not be construed as a § 2255 motion, because this Court would lack jurisdiction over a successive § 2255 motion without Fifth Circuit authorization.

**SIGNED this 18th  day of August, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3